

**RECEIVED**

JUL 0 9 2004

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

_CLARK, ARMOND_

**DOCKETED**

JUL 1 2 2004

(Enter above the full name
of the plaintiff or plaintiffs in
this action)

# 04C 4553

vs.                     Case No: _____

Chicago Police Department    (To be supplied by the Clerk of this Court)
Officers Burwell#6814, Parks#8930

Lewis#13629, Oglesby#10260;
Booker#4096, Epich#5790, SGT.

**JUDGE ANDERSEN**

J. Sandier# 1331, Det. Winstead,
and Det. G. Habiak

**MAGISTRATE JUDGE ASHMAN**

States Attorney of Cook County
Ass. Attorneys, Lifvendahl,

Ass. Palermo, Ass. Wood
Public Defender Office of Cook

Steven Powell, Private Attorney
Rick Bueke

(Enter above the full name of ALL
defendants in this action.  Do not
use "et al.")

**CHECK ONE ONLY:**

____✓____     **COMPLAINT UNDER THE CIVIL RIGHTS ACT, TITLE 42 SECTION 1983**
             **U.S. Code** (state, county, or municipal defendants)

_____     **COMPLAINT UNDER THE CONSTITUTION ("BIVENS" ACTION), TITLE**
             **28 SECTION 1331(a) U.S. Code** (federal defendants)

_____     **OTHER** (cite statute, if known)

_BEFORE FILLING OUT THIS COMPLAINT, PLEASE REFER TO "INSTRUCTIONS FOR_
_FILING."  FOLLOW THESE INSTRUCTIONS CAREFULLY._

Revised 4/01                          1

D. DEFENDENT: OGLESBY (# 10260)
TITLE, POLICE OFFICER
PLACE OF EMPLOYMENT: 7TH DISTRICT CHICAGO POLICE STATION

E. DEFENTANT: BOOKER (# 4096)
TITLE: POLICE OFFICER
PLACE OF EMPLOYMENT: 7th DISTRICT CHICAGO POLICE STATION

F. DEFENDANT: EPICH (# 5790 )
TITLE: POLICE OFFICER
PLACE OF EMPLOYMENT: 7th DISTRICT CHICAGO POLICE STATION

G. DEFENDANT: SGT. J. SANDIER (# 1331 )
TITLE: SGT. POLICE OFFICER
PLACE OF EMPLOYMENT: 7TH DISTRCIT CHICAGO PLOICE STATION

H. DEFENDANT: WINSTEAD (# 20119 )
TITLE: DET. OF THE CHICAGO POLICE DEPARTMENT
PLACE OF EMPLOYMENT: 7TH CHICAGO POLICE DEPARTMENT

I. DEFENDANT: G. HABIAK (# 20221 )
TITLE: DET. OF POLICE
PALCE OF EMPLOYMENT: CHICAGO POLICE DEPARTMENT

J. DEFENDANT: LIFVENDAUL
TITLE: ASS. ATTORNEY STATE OF ILLINOIS
PLACE OF EMPLOYMENT: 51 STREET POLICE STATION / COURT-BUILDING

K. DEFENDANT: CLARISSA PALERMO
TITLE: ASS. ATTORNEY STATE OF ILLINOIS
PLACE OF EMPLOYMENT: COOK COUNTY COURT BUILDING

L. DEFENDANT: MS. WOODS
TITLE: ASS. ATTORNEY STATE OF ILLINOIS
PLACE OF EMPLOYMENT: COOK COUNTY COURT BUILDING

M. DEFENDANT: STEVEN POWELL
TITLE: PUBLIC DEFENDER ASS.
PLACE OF EMPLOYMENT: COOK COUNTY COURT BUILDING

N. DEFENDANT: RICK BEUKE
TITLE: PRIVATE ATTORENY
PLACE OF EMPLOYMENT: 53 WEST JACKSON, SUITE 1410 CHICAGO, IL

I. **Plaintiff(s):**

A. Name: __CLARK ARMOND__

B. List all aliases: __N/A__

C. Prisoner identification number: __A91262__

D. Place of present confinement: __ILLINOIS RIVER C.C.__

E. Address: __P.O. BOX 1900; CANTON, ILL 61520__

(If there is more than one plaintiff, then each plaintiff must list his or her name, aliases, I.D. number, and current address according to the above format on a separate sheet of paper.)

II. **Defendant(s):**

(In A below, place the full name of the first defendant in the first blank, his or her official position in the second blank, and his or her place of employment in the third blank. Space for two additional defendants is provided in B and C.)

A. Defendant: __Peter BURWELL (Badge #6814)__

Title: __Police OFFicer__

Place of Employment: __7th District Chicago Police Station__

B. Defendant: __C. PARKS (Badge #8930)__

Title: __Police OFFicer__

Place of Employment: __7th District Chicago Police Station__

C. Defendant: __Lewis (Badge #13629)__

Title: __Police OFFicer__

Place of Employment: __7th District Chicago Police Station__

(If you have more than three defendants, then all additional defendants must be listed according to the above format on a separate sheet of paper.)

                        COUNT  ( 1 ) FALSE, ARREST
                        MALICIOUS PROSECUTION


1. DEFENDANTS CHICAGO POLICE AND STATES ATTORNEY'S ACTIONS AS
DESCRIBED IN COUNT 1 AND REALLEGED AS IF FULLY SET FORTH HEREIN,
COUNSTITUTES THE TORTS OF OFFICAL MISCONDUCT FALSE ARREST UNLAWFUL
ARREST SEARCH AND UNREASONABLE SEIZURE, MALICIOUS PROSECUTION;
UNDER THE LAWS OF THE STATE OF ILLINOIS


                            COUNT ( 2 )
                        OBSTRUCTION OF JUSTICE


2.  DEFENDANTS CHICAGO POLICE / STATES ATTORNEY'S AND THE PUBLIC
DEFENDER OF COOK COUNTY ACTIONS AS DESCRIBED IN COUNT 1 AND 2
AND REALLEGED AS IF FULLY SET FORTH HEREIN, CONSTITUTES THE TORTS
OF CONSPIRACY AND OBSTRUCTION OF JUSTICE UNDER THE LAWS OF THE
STATE OF ILLINOIS;


                            COUNT ( 3 )
                        OFFICAL MISCONDUCT


3.  DEFENDANTS CHICAGO POLICE / STATES ATTORNEY'S AND THE PUBLIC
DEFENDER OF COOK COUNTY AND RICHARD BEUKE PRIVATE ATTORNEY ACTIONS
IN THE COMPLAINT DESCRIBED IN COUNT 1,2,3 AND REALLEGED AS IF FULLY
SET FORTH HEREIN CONSTITUTES THE TORTS OF FALSE ARREST,MALICIOUS
PROSECUTION, CONSPIRACY, OBSTRUCTION OF JUSTICE, OFFICIAL MISCONDUCT,
UNDER THELAWS OF THE STATE OF ILLINOIS.

## V.  Statement of Claim:

State here as briefly as possible the facts of your case.  Describe precisely how each defendant is involved.  Include also the names of other persons involved, dates, and places.  **Do not give any legal arguments or cite any cases or statutes.**  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. (Use as much space as you need.  Attach extra sheets if necessary.)

This is a Civil Rights action filed pro - se, by Clark K. Armond an Illinois State prisoner, for Punitive & Monetary Damages; under 42 U.S.C. § 1983, alleging that police officers, Assistant State's Attorney, and his court appointed Public Defender, and Rick Beuke, Private Attorney all participated in a Conspiracy to conduct UNLAWFUL ARREST and SEARCH and UNREASONABLE SEIZURE, all being in violation of the Forth and Fourteenth AMENDMENTS of the United States Constitution

The Plaintiff also alleges the Tort of OFFICIAL MISCONDUCT and OBSTRUCTION OF JUSTICE, and in connection with Plaintiff's Conspiracy Federal Constitutional claims.

JURISDICTION

1.) The Court has jurisdiction over the Plaintiff's claims of violation of the Federal Constitutional Rights under, 42 U.S.C. §§ 1331 (a) and 1343.

2.) The Court has supplemental jurisdiction over the Plaintiff's related State law tort claims under 28 U.S.C. § 1367.

VENUE

3.) Venue is proper in this Court under 28 U.S.C. § 1391 (b) BECAUSE the events giving rise to the plaintiff's claims occurred in the Northern eastern District, under the color of State law.

## COURT 1
## FALSE ARREST / MALICIOUS PROSECUTION

1.     ON OR DECEMBER 09, 1996 DEFENDANTS OF THE CHICAGO POLICE,
AND STATES ATTORNEY OF COOK COUNTY....EACH KNOWINGLY, CONSCIOUSLY
DELIBERATELY, AND VOLUNTARILY PARTICIPATED IN A PLAN COMMON AND
CONCOCTED SCHEME BY HAVING A MEETING OF THE MINDS AND MUTUAL
AGGREEMENT TO INTENTIONALLY CONSPIRED TO VIOLATE PLAINTIFF'S
CIVIL RIGHTS;

2.     UNLAWFUL ARREST SEARCH AND UNREASONABLE SEIZURE OF PLAINTIFF
WITHOUT AN ARREST OR SEARCH WARRANTS OR PROBABLE CAUSE; AND IN
ADDITION TO DEFENDANTS CONSPIRATORIAL EFFORTS AND ACTIONS, THEY
UNLAWFULLY SEARCHED AND TRASH PLAINTIFF"S HOME AND ILLEGALLY SEIZED
EVIDENCES AGAINST HIM. AND FUTHER MORE USED THAT EVIDENCE, BY
DELIBERATELY SUBJECTING PLAINTIFF TO A PHOTOGRAPHING LINE UP,
AGAINST HIS WILL AND TO WILLING AND KNOWINGLY USED THIS ILLEGAL
OBTAINED AND TAINTED EVIDENCE AGAINST THE PLAINTIFF IN A CRIMINAL
TRAIL.

SEE EXHIBIT B-1

3.     ON DECEMBER 07, 1996 AT APPROXIMATELY 12:30 P.M. DEFENDANTS,
BURWELL, PARKS, LEWIS, OGLESBY kick in the plaintiff's door

SEE EXHIBIT D-10
ARRESTING OFFICERS

BOOKER, EPICH, BRANNISH THEIR GUNS, AND STATED, IN A OVERLY AGGRESSIVE
AND EXCEPTIONALLY HOSTILE MANNER, QOUTE,
" LAY THE FUCK DOWN ON THE FLOOR"
PLAINTIFF AND MITCHELL JAMES WERE TERRIFIED, BUT NEVER THE LESS,
COMPLIED WITH DEFENDANTS ORDER; HOWEVER PLAINTIFF NERVOUSLY ASKED
DEFENDANTS BURWELL AND CO-DEDENDANTS DO YOU'LL HAVE AN ARREST OR
SEARCH WARRANT ?   AND WHY ARE YOU'LL DOING THIS ?  IMMEDIATELY
DEFENDANTS RESPONDED " YEAH, YEAH," YOU REFERRING TO PLAINTIFF,
YOUR PIECE OF SHIT ASS IS UNDER ARREST FOR AGGRAVATED BATTERY:

SEE EXHIBIT D-9

4.     THEN DEFENDANT BURWELL JUMPED DOWN KNEE FIRST INTO THE
BACK OF PLAINTIFF AND PROCEEDED TO HANDCUFF PLAINTIFF;  BURWELL
AND CO-DEFENDANTS STARTED TRASHING AND SEARCHING PLAINTIFF HOME;
AGAIN PLAINTIFF CRY TO SEE A ARREST WARRANT, OFFICER BURWELL
PULLED PLAINTIFF UP BY HIS HANDCUFF AND TOLD PLAINTIFF THIS YOUR
WARRANT SHOWING PLAINTIFF HIS GUN:

SEE EXHIBITS D-13-14

NO  WARRANT STATED BY OFFICER BURWELL.

5.     AFTER TRASHING PLAINTIFFS HOME HE WAS TRANSPORTED IN HAND
CUFFS TO THE 7TH DISTRICT CHICAGO POLICE STATION, WHICH HE WAS
UNLAWFULLY DETAINED;  AND TO UNDERGO ILLEGAL INTERROGATIONS
PERTAINING TO THEIR BURWELL / PARKS FALSE, FABRICATED CHARGE OF A
AGGRAVATED BATTERY UPON A "UNKNOW-PERSON" WHO THEY ALLEGED MADE
THIS 911 CALL THRU A POLICE DISPATCHER AND THAT THE PLAINTIFF FITS
THE DESCRIPTION OF A MAN WANTED AT 6822 S. JUSTINE FOR AGGRAVATED
BATTERY.

SEE EXHIBIT A-1  AFFIDAVIT D. JAMES

6.     PLAINTIFF ASSERT AND CONTENDS THAT DEFENDANTS BURWELL / PARKS
CO-DEFENDANTS HAD A MUTUAL AGGREEMENT TO CONSPIRER BY USING
UNLAWFUL METHODS, TO UTILIZE THEIR FALSE AND FABRICTED CHARGE OF
AGGRAVATED BATTERY AGAINST THE PLAINTIFF AS A DISQUISE MERE CAMOUFLAGE
TO JUSTIFY THEIR UNLAWFUL ARREST OF PLAINTIFF AND AIMED THESE ILLEGAL
TACTICS AT PLAINTIFF TO ILLEGALLY OBTAIN EVIDENCE AGAINST THE
PLAINTIFF IN A CRIMINAL TRAIL;

7.      LATER THAT SAME DAY DECEMBER 07, 1996  AFTER 6 OR 7
hours, DURING PLAINTIFF ILLEGAL DETENTION AT THE 7TH DISTRICT
POLICE STATION IN CHICAGO IL.  DEFENDANTS BURWELL AND PARKS
FUTHERRED THEIR CONSPIRATORIAL EFFORTS AND ACTIONS WITH
DEFENDANTS WINSTEAD, AND G. HABIAK, WHOM ARE AGENTS AND EMPLOYEE'S
OF THE CHICAGO POLICE DEPARTMENT BY UNLAWFULLY SUBJECTING THE
PLAINTIFF TO AN ILLEGAL PHOTOGRAPHING LINE UP;

8.      DEFENDANTS BURWELL, PARKS FABRICATED THE ALLEGED 911 CALL
OF A MAN WANTED FOR AGGRAVATED BATTERY AT 6822 S. JUSTINE;

9.      DEFENDANTS WINSTEAD AND HABIAK CONSPIRED WITH THE STATES
ATTORNEY TO GO FORWARD WITH THIS ELLEGED ARM ROBBERY CHARGE;
WHICH PLAINTIFF MAINTAINS HE WAS NEVER ARRESTED ON THE CHARGE
OF ARM ROBBERY;

10.     THE ONLY ARREST WAS MADE AT PLAINTIFFS HOME FOR AGGRAVATED
BATTERY; DEFENDANTS WINSTEAD, HABIAK, BURWELL, PARKS WITH THE
STATES ATTORNEY OFFICER PUT THE ARM ROBBERY CHARGE, UNDER THE ONLY
ARREST THEY HAD, WHICH IS AGGRAVATED BATTERY THAT TOOK PLACE AT
PLAINTIFF HOME;  DEFENDANTS BURWELL, PARKS NEVER WROTE OUT A
POLICE REPORT FOR THE ARREST AT PLAINTIFF HOME FOR AGGRAVATED
BATTERY; INSTEAD THE DEFENDANTS CONSPIRED WITH DEFENDANTS WINSTEAD
AND HABIAK TO PUT THE ELLEGED ARM ROBBERY UNDER PARK, BURWELL
ARREST AT PLAINTIFFS HOME;

11.     ON DECEMBER 09,1996  THE STATES ATTORNEY BROUGHT THE ARM
ROBBERY CASE BEFORE THE HONORABLE JUDGE WALTER WILLIAMS; WHICH
FOUND....PROBABALE CAUSE....... AND TRANSFERRED THE CASE TO 26
CALIFORNIA CIRCUT COURT OF COOK COUNTY; FOR ARRAIGNMENT;

12.     NOW, ON DECEMBER 16, 1997 THERE WAS A MOTION TO QUASH
ARREST AND SUPPRESS EVIDENCE HEARD BY JUDGE JAME P. FLANNERY
DEFENDANT CLARISSA PALERMO CONSPIRED WITH CO-CONSPIRTOR BURWELL,
BY HAVING A MUTUAL AGGREEMENT FOR BURWELL TO TESTIFY FALSELY
ABOUT THE CIRCUMSTANCES SURROUNDING PLAINTIFFS ARREST AND TO
CONCEAL AND COVER-UP THE DEFENDANTS "BURWELL AND PARKS" UNLAWFUL
ARREST AND SEARCH AND UN-REASONABLA SEIZURE TO JUSTIFY THEIR
UNLAWFULL ARREST OF PLAINTIFF WITHOUT A VALID ARREST WARRANT,
OR SEARCH WARRANT, NOR PROBABALE CAUSE;

13.     DEFENDANT BURWELL TESTIFIED FALSELY, BY STATING: ON
DECEMBER 07, 1996 APPROXIMATELY 12:30 P.M. HE AND HIS PARTNER
PARKS RESPONDED TO A POLICE DISPATCHER'S CALL OF A MAN WANTED
( FITTING PLAINTIFF'S DESCRIPTION ) FOR AGGRAVATED BATTERY UPON
AN UNKNOWN PERSONE NOT ARM ROBBERY AT THE ADDRESS OF 6822 S.
JUSTINE, CHICAGO ILLINOIS.

14.     AFTER THE DEFENDANT TESTIFIED TO THESE INPOSSIBLE EVENTS:
ONE OTHER WITNESS TESTIFIED, AND OTHER ILLEGAL EVIDENCE WAS
PRESENTED AT THE HEARING BY DEFENDANT ( PALERMO )

        THE HONORABLE JUDGE FLANNERY MADE A FAVORABLE RULING IN
PLAINTIFFS FAVOR:  IN GRANTING PLAINTIFFS MOTION TO QUASH ARREST
AND SUPPRESSED EVIDENCE OF SHOT GUN SHELLS THAT WAS ILLEGALLY
SEIZED IN THE UNLAWFULL SEARCH OF PLAINTIFF'S HOME:
        THE HONORABLE JUDGE FLANNERY FOUND DEFENDANTS BURWELL AND
PALERMO, TESTIMONY AND PALERMO'S ARGUMENT'S TO JUSTIFY THE UNLAWFUL
ARREST OF PLAINTIFF, TO BE NOT CREDIBLE AND FUTHER STATED THAT THE
OFFICERS BURWELL, PARKS AND CO-DEFENDANTS DID NOT HAVE THE RIGHT,
UNDER ANY EXCEPTION AS TO ENTERING THE PLAINTIFFS HOME.  THE
OFFICERS KNEW WHERE HE (PLAINTIFF) WAS: THEY HAD INFORMATION
SUFFICIENT TO ACQUIRE AN ARREST WARRANT.  THEY DIDN'T DO THAT, THERE
FORE THE MOTION TO QUASH ARREST IS GRANTED.

SEE EXHIBIT A-3   A-2   A-4

15.      IN ADDITION, ONCE JUDGE FLANNERY MADE HIS RULING AS
DESCRIBED IN PARAGRAPH 14 DEFENDANT STEVEN POWELL PLAINTIFF'S
PUBLIC DEFENDER:  INTENTIONALLY CONSPIRED WITH CO-CONSPIRATORS
PALERMO, BURWELL, AND PARKS, BY USING TACTICAL DIVERSION TO ALTER
THE COURSE OF JUDGE FLANNERY'S RULING GRANTING PLAINTIFF'S MOTION
TOQUASH ARREST, BY STATING I'M POWELL SEEKING TO HAVE SUPPRESSED
PLAINTIFFS STATEMENT HE POWELL RECEIVED FROM PLAINTIFF AND THE ;
LINE UP PROCEDURES THAT WAS WITH THE ELLEGED WITNESS CARLOS MARTINEZ
"IMMEDIATELY" JUDGE FLANNERY ASKED POWELL, AND THAT STATEMENT WAS
MADE AT THE POLICE STATION ?  AND POWELL RESPONDED AT THE POLICE
STATION, AS WERE THE LINE UP.  SEE EXHIBIT A-3 line 10-18

16.      PLAINTIFF ASSERTS, AND CONTENDS THAT BECAUSE OF DEFENDANT
POWELL MIS-STATEMENT ( AS DESCRIBED IN PARAGRAPH 15 ) PREJUDICED
PLAINTIFF, BECAUSE IT CAUSED JUDGE FLANNERY TO CONSIDER WHETHER
PLAINTIFF HAD MADE AN ADMISSION OF SOME SRT, WHEN THERE WAS NO SUCH
STATEMENT OR ANY RECORD OF A STATEMENT FROM THE PLAINTIFF, SURELY
DEFENDANT (PALERMO) ASSISTANCE STATE ATTORNEY WOULD USED IT:  AND
PALERMO MADE NO MENTION OF THIS PHANTOM STATEMENT ALLEGEDLLY MADE
BY PLAINTIFF THIS CAME FROM THE PLAINTIFFS OWN  PUBLIC DEFENDER
(MR. POWELL) WHICH HE CAN'T OFFER EVIDENCE AGAISNT PLAINTIFF IN
ANY EVENT!!!!!!!

17.      ONCE JUDGE FLANNERY MADE THIS RULING ON THE MOTION TO
QUASH ARREST THE CASE WAS CONTINUED TO JANUARARY 20, 1998 WHEN
PLAINTIFF CAME TO COURT ON THAT DATE, HE WAS TOLD BY JUDGE FLANNERY'S
CLERK, HIS CASE WAS BEFORE A JUDGE FOX.  PLAINTIFF HAD NOKNOWLEDGE
OF THIS TRANSFER, HOW, WHO, OR WHEN THIS HAPPEN.  THE LAST WORD TOLD
TO PLAINTIFF BY JUDGE FLANNERY  WAS CONTINUE UNTIL JANURARY 20, 1998
THE CONSPIRCY CONTINUES: STATE ATTORNEY PALERMO AND PUBLIC DEFENDER
POWELL HAD THE CASE MOVED WITHOUT THE KNOWLEDGE OR CONCENT OF THE
PLAINTIFF.      SEE EXHIBIT A-4

18.        PLAINTIFF COUNSEL MR. POWELL MISLEAD PLAINTIFF TO BELIEVE
HE WOULD DEFEND THE PROCEEDINGS AS TO REQUIRE THAT EVERY ELEMENT OF
THE CASE BE ESTABLISHED AND THAT COUNSEL WOULD SUBJECT STATE'S CASE
TO ADVERSARARY TEST.  DEFENDANT STEVEN POWELL MISREPRESENTED PLAINTIFF
REQUEST TO MONTION FOR DISMISSAL AND SUBJECT THE ILLEGAL EVIDENCE
TO COLLATERAL ATTACK;

                              COUNT 3
                      OBSTRUCTION OF JUSTICE

19.        JUDGE FLANNERY QUASH ARREST AND IN THE SAME PROCEEDING STATED
THE MOTION TO SUPPRESS THE LINE UP AND STATEMENT WILL BE DENIED!!
WHICH PLAINTIFF MAINTAINS THERE NEVER WAS A STATEMENT MADE BY HIM:
JUDGE FLANNERY DID NOT HAVE A STATEMENT PRESENTED TO HIM TO DENY:
THERE WAS NO STATEMENT MADE WITHANY ADMISSION OF GGUILT BY PLAINTIFF
JUDGE FLANNERY DENIED A PHANTOM STATEMENT IN OPEN COURT WHICH WASN'T
PRESENTED BY THE STATES ATTORNEY OFFICE, (MR, POWELL) WAS THE ONE
TO BRING THIS ELLEGE STATEMENT TO THE COURTS ATTENTION:

20.        DEFENDANT STEVEN POWELL FAILED TO PRESENT ANY CASE LAW OR
CANNONS OF LAW TO DEFEND EVERY ELEMENT OF SAID PROCCEDDING, POWELL
MISTATEMENT PREJUDICED PLAINTIFF AT A CRITICAL STAGE, CAUSED THE
COURT TO CONSIDER WHETHER PLAINTIFF HAD MADE AN ADMISSION OF SOME
SORT, IF THERE BEEN SUCH A STATMENT IT WAS PROTECTED BY ATTORNEY
CLIENT PRIVLEDGE.

21.        WHEN POWELL ON JANUARY 20, 1998 AND JANURARY 21, 1998
CONSPIRED TO MOVE CASE NO. 96-cr-32742 FROM JUDGE FLANNERY'S
JURISDICTION WHOM GRANTED A FAVORABLE RULING; TO A JUDGE
SUITABLE FOR THE STATE, HE MADE A CHOICE ADVANCING HIS OWN INTEREST
TO THE DETRIMENT OF HIS CLIENT:

22.    AT THE MOTION HEARING 1-5-98 AND 1-21-98 DEFENDANT POWELL
CONDUCT SHOWS HIS PROPENSITY TO PROCEED IN A MANNER HE KNEW OR
REASONABLY SHOULD HAVE KNOWN WERE DIRECTLY ADVERSE TO THE POSITION
OF HIS CLIENT, POWELL PROPENSITY TO DENY PLAINTIFF THE BASIC LEGAL
KNOWLEDGE SKILL THOROUGHNESS AND PREPARATION NECESSARY FOR THE
REPRESENTATION TO DEFEND EVERY ELEMENT OF EVERY PROCEEDING AT EVERY
CRITICAL STAGE AS TO REQUIRE EVERY ELEMENT OF THE CASE BE ESTABLISHED
AND TO SUBJECT THE STATE CASE AT EVERY PROCEEDING TO ADVERSARIAL
TEST RISE TO THE LEVEL DENIED EFFECTIVE ASSISTANCE OF COUNSEL,
AND STAGE FOR CONFLICT OF INTEREST.

23.    DEFENDANT POWELL DEFICIENT PERFORMANCE 1-20-98, 1-21-98
and 1-22-98 WAS ABSENT PROBABLE CAUSE FOR SUCH AN IRREGULAR PROCESS.
THIS IRREGULAR PROCEEDING WAS AND PRIMARILY PROCEEDING BEFORE JUDGE
FLANNERY AT SAID CRITICAL STAGE BY DIVERSIONARY TACTICS CAMOUFLAGED
BY THE S.O.J. WHICH ALTERED THE NATURAL COURSE OF PROCEEDING:
THIS VIOLATING PROCEDURAL AND SUBSTANTIVE DUE PROCESS:
SEE EXHIBIT D-2  D-3

24.    THE CASE WAS MYSTERIOUSLY PRESENTED BEFORE JUDGE FOX
1-20-98, THE RECORD SHOWS THE CASE WAS CONTINUED TO 2-11-98 HOWEVER
THE EXHIBITS SHOWS THAT DEFENDANT (STEVEN POWELL) COULDN'T WAIT
TIL 2-11-98 HE (POWELL) CONSPIRED WITH THE STATE TO RETURN THE VERY
NEXT DAY 1-21-98;  THE MISCONDUCT OF DEFENDANT POWELL IS FUTHER
EVIDENCE BY EXHIBIT D-3

25.    THE RECORD OF THIS IRREGULAR PROCESS SHOWS NO CAUSE, NO
LEGAL REASON FOR THE TRANSFER:  THIS HIJACKING OF CASE NO. 96CR32742
IS NOT SUPPORTED BY AFFIDAVIT OR MOTION FROM JUDGE FLANNERY BEING
REPLACED, OR RECUSE, ETC..... STEVEN POWELL FAILED TO INFORM OR
EVEN EXPLAIN SAID ADVERSE ACT TO PLAINTIFF AT CRITICAL STAGE OF
THE PROCESS:    SEE EXHIBIT D-7

26.     AS A RESULT OF POWELL MISCONDUCT AND FALSE REPRESENTATION POWELL DENIED PLAINTIFF HIS RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL.  POWELL VIOLATED PLAINTIFF CONSTITUTIONAL RIGHT TO PROCEDURAL AND SUBSTANTIVE DUE PROCESS AS WELL AS HIS (6) AMENDMENT GUARANTEE TO REPRESENTATION FREE OF CONFLICT OF INTEREST WITH COUNSEL.

27.     DEFENDANT RICK BEUKE ENTERED THE RECORD 3-26-98 BEFORE THE HONORABLE JUDGE SACKS;  EXHIBIT D-11 SHOWS THE COURT ADVISING BEUKE THAT FROM GLANCING AT THE FILE, THERE WAS A MOTION TO SUPPRESS HEARD, AND GRANTED IN PART THER ARE NO PENDING MOTION REGARDING 96-32742

28.     THE RECORD SHOWS FROM MARCH TO SEPTEMBER DEFENDANT BEUKE FAILED TO PROVIDE THE REQUIRED LEGAL KNOWLEDGE, SKILL, THOROUGHNESS AND PREPARATION NECESSARY FOR THE REPRESENTATION, JUDGE SACKS ADVISED DEFENDANT BEUKE IN MARCH THAT THE CASE HAD WISKERS ON THEM AND THE CASE WAS CONTINUED TIL APRIL 24, 1998 AND WILL BE SET FOR TRAIL SOMETIME IN EARLY MAY OR JUNE:

29.     DEFENDANT RICK BEUKE HAD AN OBLIGATION TO PLAINTIFF AND HIS FAMILY TO INVESTIGATE PROBE AND REVIEW THE RECORD FOR ALL LEGALLY RELEVANT EVIDENCE BEUKE FAILED TO INQUIRE AS TO WHY THE CASE IN CHEIF MYSTERIOUSLY BY IRREGULAR PROCESS WAS REMOVED FROM JUDGE FLANNERY WHOM GRANTED A FAVORABLE RULING IN PLAINTIFF BEHALF TO ANOTHER JUDGE AT A CRITICAL STAGE.

30.     PLAINTIFF AND PLAINTIFF FAMILY TOLD DEFENDANT BEUKE THAT FLANNERY HAD QUASH ARREST ON SAID CASE, AND THAT THE STATE NEVER APPEAL OR REINDICTED NOR RE-ARREST CLARK ARMOND UNDER CASE 96-32742 DEFENDANT BEUKE ASSURED PLAINTIFF AND FAMILY WHOM RETAINED BEUKE: HE WOULD USE THE PRETRAIL MOTION TO ATTACK EVIDENCE WHICH WAS OBTAINED AFTERTHAT ARREST WAS QUASHED STATING THAT CASE SHOULD HAVE BEEN DISMISSED AFTER JUDGE FLANNERY RULING ON MOTION TO QUASH ARREST

31.    THE RECORD SHOWS FROM MARCH OF 1998 TO THE TRAIL BEUKE
MISLEAD PLAINTIFF  TO BELIEVE HE WOULD DEFEND EVERY PROCEEDING AS
TO REQUIRE THAT EVERY ELEMENT OF THE CASE BE ESTABLISHED AND THAT
DEFENDANT WOULD SUBJECT EVERY ELMENT OF THE STAT'S CASE TO ADVERSARY
TEST, THE RECORD WILL SHOW DEFENDANT BEUKE FAILED TO PRESENT ANY
EVIDENCE, CASE LAW CANNONS OF LAW TO DEFEND EVERY ELEMENT OF THE
PROCEEDINGS TO ADVERSARIAL TEST.

32.    DEFENDANT BEUKE'S PERFORANCE WAS BELOW AN OBJECTIVE STANDARD
OF REASONABLENESS AND THERE IS A REASONABLE PROBABILITY THAT BUT
FOR HIS PERFORMANCE THE RESULT OF THE TRAIL WOULD HAVE BEEN DIFFERENT,
DEFENDANT LIED TO PLAINTIFF WITNESSES, STATING THERE WAS NO NEED
FOR THEM TO BE CALLED AT TRIAL, WHICH PLAINTIFF HAD TWO WITNESSES
READY AND WILLING TO TESTIFY IN PLAINTIFF BEHALF:
                    SEE EXHIBIT A-5 AND B-3

33.    DEFENDANT BEUKE WITH HELD WITNESSES AND EVIDENCE INA CRIMINAL
TRIAL DEFENDANT BEUKE HAD A DUTY TO FILE A APPELLANTS BREIF ON BEHALF
OF PLAINTIFF IN THE ILLINOIS COURT OF APPEALS 1ST DISTRICT ON OR
AROUND DECEMBER 31, 1999 WHICH HE NEVER DID FILE THE BRIEF:

34.    DEFENDANT BEUKE MISCONDUCT INVOLVING DISHONESTY, FRAUD,
DECIET, MISREPRESENTATION, NEGLECTING CRIMINAL CASE VIOLATED HIS
DUTY WHILE UNDER THE COLOR OF LAW PRETENDING TO ACT IN THE PERFORMANCE
OF HIS OFFICAL DUTIES TO DO WORK ON PLAINTIFF APPEAL AND DECIETFULLY
RAN OFF WITH PLAINTIFF'S MONEY PLAINTIFF SIGN OVER (TWO BONDS SLPS)
TO DEFENDANTS 12-31-98    SEE EXHIBIT D-8

35.    AS A DIRECT AND PROXIMATE RESULT OF ONE OR MORE OF THESE
ACTS OR OMISSIONS.  WHEREFORE THE PLAINTIFF CLARK ARMOND PRAYS
JUDGEMENT AGAINST THE CHACIAGO POLICE DEPARTMENT, STATE'S ATTORNEY
OFFICE OF COOK COUNTY, THE PUBLIC DEFENDERS OF COOK COUNTY AND ALL
AGENTS OR EMPLOYEES LISTED IN THIS CAUSE (COMPLAINT) RICHARD BEUKE
PRIVATE ATTORNEY OF LAW; JOINTLY AND SEVERALLY, IN THE SUM OF
7.1 MILLION DOLLARS AS COMPENSATORY DAMAGES AND THE SUM OF 7.1
MILLION DOLLARS PUNITIVE DAMAGES PLUS COST OF THIS SUIT;

PLAINTIFF DEMANDS TRIAL
ON ALL COUNTS BY JURY

CERTIFICATION

BY SIGNING THIS COMPLAINT, I CERTIFY THAT THE FACTS STATED IN THIS
COMPLAINT ARE TRUE TO THE BEST OF MY KNOWLEDGE, INFORMATION AND
BELIEF, I UNDERSTAND THAT IF THIS CERTIFICATION IS NOT CORRECT,
I MAY BE SUBJECTED TO SANCTIONS BY THE COURT:

SIGNED _____ 25th _____ DAY OF September , 2003

"OFFICIAL SEAL"
DON A. BURKHART
Notary Public, State of Illinois
My Commission Exp. 06/22/2004

Notary Public

CLARK ARMOND
I.D. # A91262
P.O. BOX 1900
CANTON, IL 61520

**AFFIDAVIT**　　EXHIBIT A-1 #

I _Dorian James_ swear by this affidavit that this statement is true.

On DECEMBER 7, 1996 i was standing on my " porch" when officer PARKS and another police drove up in front of my house. they asked me was CLARK in the house, it was about 4 TO 6 cars in the front and the back of of the house. they asked me was CLARK in the house, i stated that i had just walked up, and that i didn't know. he cuffed me to the rail of the porch, and i saw the other police go to the back of the house. I heard aloud crash of the back door, they later came out of the front door with CLARK in hand cuffs. Officer PARKS told me i had lied to him, and he hit me on the back of the neck, the rest of the police was trashing the bedrooms. My mothers personal papers were every where, they came out with some shotgun shells and left.

State of _IL_, County of _Morgan_
Signed before me on this _25th_ day
of _June_ _19_ _2001_ by _Dorian James_
Notary Public _Kristen Kruzan_

**NOTARY**

DATE _6/25/01_
SIGNATURE _Dorian James_

"OFFICIAL SEAL"
KRISTEN KRUZAN
Notary Public, State of Illinois
My Commission Exp. 10/28/2003

EXHIBIT-A-2

1   incredible about it. He supposedly is right behind

2   this individual as he's running down the stairs

3   running through a hallway and then we hear that this

4   person has enough time to kick down a door and get

5   underneath a bed before Officer Burrell is able to

6   catch him. I think that that's improbable. That

7   displays the incredible theory of Officer Burrwell's

8   nature of arrest.

9       THE COURT: The Court has had the opportunity to

10  observe the demeanor of the various witnesses as they

11  testified.

12      The Court would initially state that the

13  information that the police officers had on the day of

14  the arrest was sufficient for probable cause. They

15  had the defendant's name, the approximate address, his

16  photo as well as the information gathered from the

17  victim in the case. The officers did have probable

18  cause to arrest the defendant. However, probable

19  cause alone is not sufficient to enter someone's home.

20      In this case the officers saw the defendant,

21  the defendant ran into his home. The officer did not

22  have the right to follow him into his home. This case

23  does not come under any exception as to entering the

24  defendant's home. The officer knew where he was.

A-31

EXHIBIT- A-3

1    They had information sufficient to acquire an arrest

2    warrant. They did not do that. Therefore, the motion

3    to quash arrest is granted. The evidence that was

4    recovered in the home which I believe was 4 boxes of

5    shells --

6        MR. POWER: That is not being used in this case.

7        THE COURT: Okay. Well, in any event, the shells

8    will be suppressed.

9             What other evidence were you seeking to have

10   suppressed?

11       MR. POWER: I'm seeking to have suppressed the

12   lineup procedure that was used with the witness Carlos

13   Martinez as well as a statement that I received from

14   Mr. Clark.

15       THE COURT: And that statement was made at the

16   police station?

17       MR. POWER: At the police station as were the

18   lineup.

19       THE COURT: The motion to suppress the lineup and

20   the statement is going to be denied. The officers did

21   have probable cause to arrest the defendant.

22            So at this time motion to quash arrest is

23   granted. This is on case 96 CR 32742. The shotgun

24   shells are suppressed. No other evidence is

EXHIBIT- A-4

1    suppressed.  The motion to quash arrest is granted.

2         What else remains to be done on this?

3    MR. POWER:  Judge, I'm asking for one final short

4    status date before we set it for trial.  I need to

5    talk to Mr. Clark and his family about what type of

6    trial we're going to have.

7         THE COURT:  January 20.

8         MR. POWER:  That's fine, judge.

9         THE COURT:  The other cases as well January 20.

10        MR. POWER:  Yes, by agreement status.

11        THE COURT:  By agreement January 20 on each of the

12   three cases.

13                        (WHEREUPON, a continuance was

14                        taken to January 20, 1998.)

15

16

17

18

19

20

21

22

23

24

A-33

**EXHIBIT A-5**

Affidavit

I _Ray Alton Henderson_ do
swear by this affidavit to be true and correct to the best of my knowledge.

On November 23, 1996, I was at the corner of 69th and Justine and Renee
Anderson/Carlos Martinez drove up. She had a few words with one of he guys that sale
drugs on the corner. She gave him money and he gave her "cocaine." She got back into
the car and they drove "off." About a half hour later, they cam back to the corner, asking
about the man she got the coke from. She kept on saying the coke ain't no good and she
wants her money back. Renee and Carlos be trying to get more coke by saying it wasn't
any good or the bag was small etc. It's always something with those two. I know them
very well. I told this to Mr. Beuke and he asked me would I tell this in court. So he had
me to come to the courthouse three or four times, which I did do. The last time I came it
was at trial and he told me that I would have to wait outside in the hallway while
Carlos/Renee testified. Mr. Beuke said that he would call me to testify after they got off
the stand, so I waited "but" he never put me on the stand, and after we talked to each
other a few minutes in the hallway, he told me he felt the case was won because they got
caught up in a lot of lies. So that was it, I left the court building.

Notary

Date: Jan 26, 2002

Signature: _Ray Alton Henderson_

"OFFIC...
MARTHA ...
Notary Pub... ...inois
My Com... J. 2002

"OFFICIAL SEAL"
MAR...A HAMILTON
Notary Public, State of Illinois
My C...mi...ion Expires Feb. 19, 2002

EXHIBIT B-1

```
 1    believe that there are --
 2           THE COURT:  What is the motion, to suppress
 3    I.D.?
 4           MR. POWER:  ████████████████████  One of the
 5    things they obtain ████████████████████████████
 6    ████████████████████████████  There may be a
 7    motion to suppress the I.D. based on the photos.
 8           THE COURT:  The ████████████████████████
 9    ████████████ and ████████████████████
10           MR. POWER:  Correct.
11           THE COURT:  ████████████████████████████?
12           MR. POWER:  ████████████████.
13           THE COURT:  You will find out about the other
14    photos?
15           MS. PALERMO:  I'll reorder them.
16           THE COURT:  There are photos?
17           MS. PALERMO:  I believe there should be, yes.
18           MR. MCGUIRE:  There normally is in a case like
19    this.
20           MS. PALERMO:  We'll ask leave to file a special
21    condition of bond and ask that the Defendant be
22    admonished.
23           THE COURT:  You're to have no contact with
24    either victim.
```

## AFFIDAVIT

I, Tommie, Edwards , being first duly sworn upon oath depose and state the following matters are true and correct made upon personal knowledge and belief, and if called as a witness, I am competent to testify thereto:

On Nov. 23,1996

I was at the corner of 69th So. Justine between the hours of 5:00 p.m. to 6:30 p.m. Carlos/Renee drove up Renee ask me who was working "meaning" Crack Cocaine. I told her Charles had some crack then (she) Renee asked was it any good ?? I told her I didn't know, so anyway (she) Renee bought some crack bags, and got back on the car and they pulled off. About 20 or 30 minutes later the same car Renee left in pulled back up and Renee called me to the car telling the crack she bought wasn't anygood and they wanted to find the guy who sold them the bad crack. As I look around he was gone so I told Renee and them that he was gone. Renee then stated "If I don't get some good crack now or her money back !! The drug dealers won't be able to sale any more crack up here on this corner anymore", Cause "Me and my friend is going to call the police." Now a few minutes later I saw another police car pull up, Then I saw another police car down the street in the lot where most of the drug users be getting high, and that's when I found out Carlos/Renee had told the police. Charles took there car and money at gun point (rob them). Which was an Lie.. I would have testified in court that Clark Armond was nowhere around at the that time. That Clark Armond didn't 'Rob Carlos or Renee'. Also that Carlos/Renn always comes around tha area trying to hustle, to get free crack out of the dealers, saying the stuff (crack) they buy wasn't no good and requesting there money back. I will testify that Renee/Carlos aren't being truthful in this matter. I don't know how Clark's name come up in this situation.

"OFFICIAL SEAL"
MAR?N : HAMILTON
Notary Public, State of Illinois
My Commission Expires Feb. 19, 2002

Respectfully Submitted

*Tommie Edwards*

Subscribed and sworn to before me on the 3O day of NOV. 2000 200/

Notary

Exibit   D2

| | | | |
|---|---|---|---|
| 1 | STATE OF ILLINOIS ) | | |
| | ) SS: | | |
| 2 | COUNTY OF C O O K ) | | |

3    IN THE CIRCUIT COURT OF COOK COUNTY,
COUNTY DEPARTMENT-MUNICIPAL DIVISION

4

5    THE PEOPLE OF THE          )
STATE OF ILLINOIS          )
                           )
6         -vs-              )   26th and California
                           )
7    CLARK ARMAND           )   No. 96- 32742

8                    REPORT OF PROCEEDINGS

9         BE IT REMEMBERED that the above-entitled

10   cause came on for hearing on the 21st day of January, A.D.,

11   1998, before the HONORABLE LAWRENCE P. FOX, Judge of said

12   Court.

13        APPEARANCES:

14            HON. RICHARD A. DEVINE,
                State's Attorney of Cook County, by
15            MS. CLARISSA PALERMO,
                Assistant State's Attorney,
16
                on behalf of the People;
17
              MS. RITA FRY,
18                Public Defender of Cook County, by
              MR. STEPHEN W. POWER,
19                Assistant Public Defender,
20                on behalf of the Defendant.

21   Richard Thewis, CSR
     License No. 084-002146
22   Official Court Reporter,
     Bridgeview Courthouse.
23

24

                              D2



Exhibit D3

1      THE CLERK:  Armand Clark.

2      MR. POWER:  Judge, this is Armand Clark.

3      THE COURT:  You have the files here, right?

4      THE CLERK:  Yes.

5      THE COURT:  So we can get these files to the Chief

6  Judge tomorrow.

7      THE CLERK:  Yes.

8      MS. PALERMO:  Is this an add-on, Steve?

9      MR. POWER:  Yes.

10     THE COURT:  So do we vacate the order of yesterday

11  or not?

12     MR. POWER:  Yes.

13     THE COURT:  Well, I guess we'll just advance it.

14          How does that sound?

15     MR. POWER:  That's fine.

16     THE COURT:  From 2-11.  Motion to advance from

17  2-11-98 sustained.  Leave to file petition for SOJ

18  granted.  Transferred to Chief Judge 1-22 for

19  reassignment.

20          You have to go to the Chief Judge tomorrow for

21  reassignment, Mr. Clark.  That's Room 101 of this

22  building at 9 o'clock.

23     MR. POWER:  Thank you, Judge.

24                    (Which were all the proceedings had

D3

EXHIBITS 13-7

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS          Page 00

PEOPLE OF THE STATE OF ILLINOIS

                    VS                    NUMBER 96CR3274201

    CLARK          ARMOND

CERTIFIED STATEMENT OF CONVICTION / DISPOSITION

I, AURELIA PUCINSKI, Clerk of the Circuit Court of Cook County, Illinois,
and keeper of the records and seal thereof do hereby certify that the
electronic records of the Circuit Court of Cook County show that:

The States Attorney of Cook County filed an INDICTMENT/INFORMATION
with the Clerk of the Circuit Court.

```
10/16/97 CONTINUANCE BY AGREEMENT              10/30/97
     FLANNERY, JAMES P
10/30/97 DEFENDANT ON BOND
     FLANNERY, JAMES P
10/30/97 CONTINUANCE BY AGREEMENT              11/25/97
     FLANNERY, JAMES P
11/25/97 DEFENDANT ON BOND
     FLANNERY, JAMES P
11/25/97 CONTINUANCE BY AGREEMENT              12/16/97
     FLANNERY, JAMES P
12/16/97 CONTINUANCE BY ORDER OF COURT         12/31/97
     FLANNERY, JAMES P
12/31/97 DEFENDANT ON BOND
     FLANNERY, JAMES P
12/31/97 WITNESSES ORDERED TO APPEAR
     FLANNERY, JAMES P
12/31/97 CONTINUANCE BY ORDER OF COURT         01/05/98
     FLANNERY, JAMES P
01/05/98 DEFENDANT ON BOND
     FLANNERY, JAMES P
01/05/98 MOTION TO QUASH ARREST                           S        2
     FLANNERY, JAMES P
01/05/98 MOTION TO SUPPRESS                               S        2
     SHOT GUN SHELLS ONLY
     FLANNERY, JAMES P
01/05/98 CONTINUANCE BY AGREEMENT              01/20/98
     FLANNERY, JAMES P
01/20/98 DEFENDANT ON BOND
     FOX, LAWRENCE P.
01/20/98 CONTINUANCE BY AGREEMENT              02/11/98
     FOX, LAWRENCE P.
01/21/98 DEFENDANT ON BOND
     FOX, LAWRENCE P.
01/21/98 TRANSFERRED                           01/22/98 1701
     FOX, LAWRENCE P.
01/22/98 DEFENDANT ON BOND
     SACKS, STANLEY J.
```

*handwritten annotations: "No Cause", "No motion"*

EXHIBIT D - 8

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS        Page 0

PEOPLE OF THE STATE OF ILLINOIS

VS                        NUMBER 96CR3274201

CLARK        ARMOND

CERTIFIED STATEMENT OF CONVICTION / DISPOSITION

I, DOROTHY BROWN, Clerk of the Circuit Court of Cook County, Illinois and keeper of the records and seal thereof do hereby certify that the electronic records of the Circuit Court of Cook County show that:

The States Attorney of Cook County filed an INDICTMENT/INFORMATION with the Clerk of the Circuit Court.

| Date | Description | Date | Code |
|---|---|---|---|
| 05/26/00 | TRANS PROC REC/FILED CLKS OFF | 00/00/00 | |
| 05/31/00 | SUPPL REPORT OF PRCD PREPARED | 00/00/00 | |
| 06/13/00 | SUPPL REC RECD BY APPL COUNSEL | 00/00/00 | |
| | STATE APPELLATE DEFENDER | | |
| 06/23/00 | REPT OF PRCDS ORD FR CRT RPT | 00/00/00 | |
| 08/03/00 | SUPPL REPORT OF PRCD PREPARED | 00/00/00 | |
| 08/16/00 | SUPPL REC RECD BY APPL COUNSEL | 00/00/00 | |
| | STATE APPELLATE DEFENDER | | |
| 08/30/00 | SUPP TRAN PRO REC/FILE CLK OFF | 00/00/00 | |
| 09/06/00 | SUPPL REPORT OF PRCD PREPARED | 00/00/00 | |
| 09/20/00 | SUPPL REC RECD BY APPL COUNSEL | 00/00/00 | |
| | STATE APPELLATE DEFENDER | | |
| 07/09/01 | MANDATE FILED | 07/18/01 | 1701 |
| 07/09/01 | MANDATE FILED | 07/18/01 | 1701 |
| | MANDATE RECALL | | |
| 07/18/01 | REVIEW COURT AFFIRMANCE | 00/00/00 | |
| | WOOD, WILLIAM S. | | |
| 07/18/01 | MANDATE RECALLED | 06/28/01 | |
| | WOOD, WILLIAM S. | | |
| 11/07/01 | MANDATE FILED | 11/20/01 | 1701 |
| 11/20/01 | REVIEW COURT AFFIRMANCE | 00/00/00 | |
| | WOOD, WILLIAM S. | | |
| 02/22/02 | POST-CONVICTION FILED | CALL 00/00/00 | |
| 02/22/02 | HEARING DATE ASSIGNED | 03/01/02 | 1701 |
| 03/01/02 | CASE ASSIGNED | 03/01/02 | 1723 |
| | WOOD, WILLIAM S. | | |
| 03/01/02 | CONTINUANCE BY ORDER OF COURT | 03/08/02 | |
| | SACKS, STANLEY J. | | |
| 03/08/02 | CONTINUANCE BY ORDER OF COURT | 03/13/02 | |
| | SACKS, STANLEY J. | | |
| 03/13/02 | CONTINUANCE BY ORDER OF COURT | 03/15/02 | |
| | SACKS, STANLEY J. | | |
| 03/15/02 | CONTINUANCE BY ORDER OF COURT | 03/25/02 | |
| | SACKS, STANLEY J. | | |
| 03/25/02 | CONTINUANCE BY ORDER OF COURT | 04/05/02 | |
| | SACKS, STANLEY J. | | |
| 04/05/02 | POST-CONV PETITION DISMISSED | 00/00/00 | |
| | DEFENDANT TO BE NOTIFIED - OFF CALL | | |
| | SACKS, STANLEY J. | | |

EXHIBIT D-9

1          "Answer:   It was a 911 call.

2          "Question:   That had been issued that day,

3     meaning December 7th of 1996?"

4          His answer was, "Yes."

5          "Question:   Do you know the nature of that

6     call?

7          "To the best of my knowledge, it was a call

8     of a man wanted for aggravated battery.

9          "Question:   For aggravated battery?

10         "Answer:   That is correct.

11         "Question:   Do you have any other information

12    other than aggravated battery?

13         "Answer:   No.

14         "Question:   Do you know where it happened?

15         "Answer:   No, I did not.

16         "Question:   Do you know when it happened?

17         "Answer:   No, I did not.

18         "Question:   Do you know who the victim was?

19         "Answer:   No, I do not."

20         That's terribly vague, Judge.   And if we were

21    here just on that information and just on that arrest

22    of December 7, I don't think there would be any

23    question that there was lacking probable cause to

24    chase, even assuming that's what happened, to chase

A-25

EXHIBIT D-10

# SUPPLEMENTARY REPORT
CHICAGO POLICE

| | | | 4. DATE OF ORIG. OCCURRENCE – TIME |
|---|---|---|---|
| | | | DAY 23 · MO NOV · YR 96 · 1810 |

| INCIDENT OFFENSE CLASSIFICATION LAST PREVIOUS REPORT | UCR OFF. CODE | ADDRESS OF ORIG. INCIDENT/OFFENSE ☐1 VERIFIED ☐2 CORRECTED | 3. BEAT OF OCCUR |
|---|---|---|---|
| Robbery: Agg. Vehicular HiJacking | 0326 | 1554 W. 69th st. | 724 |

| 5. VICTIM'S/SUBJECT'S NAME AS SHOWN ON LAST PREVIOUS REPORT | | CORRECT | 6. FIRE RELATED | 7. BEAT ASSIGNED |
|---|---|---|---|---|
| Martinez, Carlos / Anderson, Renee | | ☒1 YES ☐2 NO | ☐1 YES ☒2 NO | 743 |

| 8. VICTIM'S/SUBJECT'S ADDRESS | 9. TYPE OF LOCATION OR PREMISE WHERE INCIDENT/OFFENSE OCCURRED | LOCATION CODE |
|---|---|---|
| 2025 N. Sherfield / 8251 S. Elizabeth | Street | 304 |

10. DESCRIBE PROPERTY IN NARRATIVE  T = TAKEN  R = RECOVERED — FILL IN THE FULL AMOUNT OF ONLY THOSE VALUES WHICH EITHER DIFFER FROM OR WERE NOT REPORTED ON THE ORIGINAL CASE REPORT OR THE LAST PREVIOUS SUPPLEMENTARY REPORT

PROPERTY
| 1 MONEY ☒T $65.00 ☐R | 2 JEWELRY ☒T $ ☐R | 3 FURS ☐T $ ☐R | 4 CLOTHING ☐T $ ☐R | 7 OFFICE EQUIPMENT ☐T $ ☐R | 8 TV, RADIO, STEREO ☐T $ ☐R | PROPERTY INVENTORY NO(S). |
|---|---|---|---|---|---|---|
| 9 HOUSEHOLD GOODS ☐T $ ☐R | 0 CONSUM. GOODS ☐T $ ☐R | (-) FIREARMS ☐T $ ☐R | 8 NARC/DANGEROUS DRUGS ☐T $ ☐R | 5 OTHER ☐T $ ☐R | 6 NONE ☐T ☐R | |

OFFENDERS
| 11. OFFENDER'S NAME (OR DESCRIBE CLOTHING, ETC.) | 12. HOME ADDRESS | 13. SEX-RACE-AGE CODE | HEIGHT | WEIGHT | EYES | HAIR | COMPL |
|---|---|---|---|---|---|---|---|
| 1 Armond, Clark K. | 1505 W. Maruette | M/1/40 | 6-2 | 190 | Brn | Blk | Drk |
| 2 | | | | | | | |

| 14. C.B. NO. | I.R. NO., Y.D. NO. OR J.D.A. NO. | OFFENDER REL. CODE | C.B. NO. | I.R. NO., Y.D. NO. OR J.D.A. NO. | OFFENDER REL. CODE | 15. NO. ARRESTED | ARREST UNIT NO |
|---|---|---|---|---|---|---|---|
| OFF. 1 | | 24 | OFF. 2 | | | 1 | 763- |

| 16. OFF'S. VEHICLE ☐ USED ☐ STOLEN | YEAR | MAKE | BODY STYLE | COLOR | V.I.N. | STATE LICENSE NO. | STATE |
|---|---|---|---|---|---|---|---|
| D | | | | | N | | |

90. NARRATIVE

This is an on view arrest for Robbery by the 007th District Tactical Unit 763-B.

Person Arrested: Armond, Clark K.

Charges Placed: 720ILCS5/8-4 — Inventory No. 1750215
Court Date & Branch:

Arresting Officers: Burwell #6814 Parks #8930 Lewis #13629 Oglesby #10260 Booker #4096 Epich #5790

History: R/O's responding to a call of a man wanted at above location immediately relocated to that location and observed a male black standing in front of house matching the description given, as R/O's were exiting the vehicle to conduct field interview the subject matching description given by C.O.S fled scene with R/O's in direct pursuit subject ran westbound to rear of house and was attempting to enter residence by banging on door when no one opened door for subject he then kicked door open and ran into residence, R/O's still pursuing offender entered residence and found offender hiding under bed in back bedroom. Offender was then advised of rights, and transported into 007th District for processing. A search of immediate area where offender was hiding revealed (4) boxes of Winchester super-X Buck shot 12 GA shot gun shells. Offender was then positively identified as being the offender who on 23 NOV 96 reported under RD# A-850129 pointed a chrome colored revolver at victims and demanded they get out of car, offender then took car, $65.00 USC, two watches, one radar detector and a cellular Nokia car phone.

☐ CONTINUED OTHER SIDE

A-850129

| 90. EXTRA COPIES REQUIRED (NO. & RECIPIENT) | 91. DATE THIS REPORT SUBMITTED – | TIME | 92. SUPERVISOR APPROVING (PRINT NAME) | STAR NO. |
|---|---|---|---|---|
| | DAY 07 · MO DEC · YR 96 | | SGT. J. SANDIFER #1331 | |

| 93. REPORTING OFFICER (PRINT NAME) | STAR NO. | 94. REPORTING OFFICER (PRINT NAME) | STAR NO. | SIGNATURE |
|---|---|---|---|---|
| P. BURWELL | 6814 | C. PARKS #8930 | | |
| SIGNATURE | | SIGNATURE | | 95. DATE APPROVED (DAY-MO-YR.) · TIME 07 DEC 96 |

CPD-11.411-A (REV. 8/86) — *MUST BE COMPLETED IN ALL CASES

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS     Page 005

PEOPLE OF THE STATE OF ILLINOIS

VS                         NUMBER 96CR3274201

CLARK          ARMOND

CERTIFIED STATEMENT OF CONVICTION / DISPOSITION

I, DOROTHY BROWN, Clerk of the Circuit Court of Cook County, Illinois, and keeper of the records and seal thereof do hereby certify that the electronic records of the Circuit Court of Cook County show that:

The States Attorney of Cook County filed an INDICTMENT/INFORMATION with the Clerk of the Circuit Court.

```
01/22/98 MOTION DEFT - CONTINUANCE - MD          02/05/98
     SACKS, STANLEY J.
01/22/98 MOTION TO SUBSTITUTE JUDGE                       S        2
     CANNON, DIANE G.
01/22/98 CASE ASSIGNED                           01/22/98 1723
     CANNON, DIANE G.
02/05/98 DEFENDANT IN CUSTODY
     SACKS, STANLEY J.
02/05/98 PRISONER DATA SHEET TO ISSUE
     SACKS, STANLEY J.
02/05/98 CONTINUANCE BY ORDER OF COURT           02/06/98
     SACKS, STANLEY J.
02/06/98 DEFENDANT IN CUSTODY
     SACKS, STANLEY J.
02/06/98 PRISONER DATA SHEET TO ISSUE
     SACKS, STANLEY J.
02/06/98 MOTION DEFT - CONTINUANCE - MD          03/05/98
     SACKS, STANLEY J.
03/05/98 DEFENDANT ON BOND
     SACKS, STANLEY J.
03/05/98 MOTION DEFT - CONTINUANCE - MD          03/12/98
     FOR ATTORNEY
     SACKS, STANLEY J.
03/12/98 DEFENDANT ON BOND
     SACKS, STANLEY J.
03/12/98 MOTION DEFT - CONTINUANCE - MD          03/13/98
     SACKS, STANLEY J.
03/13/98 DEFENDANT ON BOND
     SACKS, STANLEY J.
03/13/98 CONTINUANCE BY AGREEMENT                03/26/98
     SACKS, STANLEY J.
03/26/98 DEFENDANT ON BOND
     SACKS, STANLEY J.
03/26/98 SPECIAL ORDER
     ELECTED CASE
     SACKS, STANLEY J.
03/26/98 CONTINUANCE BY AGREEMENT                04/24/98
     SACKS, STANLEY J.
```

EXHIBIT D-12

```
 1        Q.    How did you learn who kicked your door in?

 2        A.    My son told me.

 3        Q.    Who did you learn kicked your door in?

 4        A.    The police.

 5        Q.    And that was on December 7?

 6        A.    Yes.

 7        Q.    So Clark did not kick the door in on the

 8   27th?

 9        A.    No.

10        MR. POWER:  No further questions.

11                    RECROSS-EXAMINATION

12                    BY MS. PALERMO:

13        Q.    You didn't see how the door got damaged, did

14   you?

15        A.    No.

16        MR. POWER:  I have no further questions.

17              No more questions of this witness, Judge.  At

18   this time I would seek to admit Defendant's --

19        THE COURT:  Ma'am, you can step down.  Thank you

20   very much.

21        THE WITNESS:  Okay.

22                         (Witness excused.)

23        MR. POWER:  Defendant's Exhibit 1A and B.

24        THE COURT:  Any objection?
```

A-10

EXHIBIT D-13

1   memory as to what address you put down?

2       THE WITNESS:  Your Honor, I used 6822 South

3   Justine.

4       MR. POWER:  Thank you.

5       Q.   Now, at that time on November 27 or November

6   28 did you take any steps to obtain an arrest warrant

7   for Mr. Clark Armond at 6822 South Justine?

8       A.   No, I did not.

9       Q.   Did you take any steps to get an arrest

10  warrant for Mr. Clark Armond at any location?

11      A.   No.

12      MR. POWER:  No further questions.

13      MS. PALERMO:  I have no further questions.

14      THE COURT:  Detective, thank you very much.

15                          (Witness excused.)

16      THE COURT:  State, anything else?

17      MS. PALERMO:  No, your Honor, the State rests.

18      THE COURT:  Mr. Power, anything else?

19      MR. POWER:  Nothing in rebuttal, Judge.

20      THE COURT:  Argument.

21      MR. POWER:  Judge, I think it is clear but not so

22  clear that I won't argue it, that there was not

23  probable cause to arrest Mr. Clark on November --

24  December 7, 1996, at 6822 South Justine, and I'll

EXHIBIT D-14

1    summarize some of the points.  But I think if your

2    remembers the testimony of the officer who testified

3    on the last court date, you remember that there was a

4    very generic and vague description given.

5         THE COURT:  The date of the arrest is December 7,

6    is that what you said?

7         MR. POWER:  Correct.  And the date of the

8    incident, Judge, is November 23.

9             That the officer gave a very vague generic

10   description as to the person that he was seeking and a

11   even more vague description as to why he was seeking

12   this person.  And it sounds now, Judge, like this was

13   almost a pretense to arrest Mr. Clark at his home

14   without a warrant because if you look closely at the

15   testimony of Officer Burrell, he tells you, this is on

16   page 6 of the transcript, I'll start in the middle of

17   the page:

18             "That call was received over COS?

19             "Answer:  Yes, it was.

20             "Question:  Do you know who was sending the

21   message to you?

22             "Answer:  The police dispatcher.

23             "Question:  Do you know where they received

24   that information?

A-24